**STATE of Minnesota, Plaintiff,**

v.

**Stephen Claude MAY, Defendant.**

**No. 49127.**

Supreme Court of Minnesota.

Oct. 13, 1978.

Gerald C. Magee and Daniel Taber, Minneapolis, for defendant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Gary Hansen, Spec. Asst. Atty. Gen., William B. Randall, Co. Atty., St. Paul, for plaintiff.

**PER CURIAM.**

This is an appeal pursuant to Rule 29.02, subd. 4, Rules of Criminal Procedure, presenting for decision a question certified by the trial court as important or doubtful. The precise issue certified is whether a person who steals stamped cigarettes and then, without a subjobber's license, sells them to retailers may be prosecuted for the gross misdemeanor of engaging in the business of a subjobber without a license under Minn.St. 297.04, subd. 1, and 297.12, subd. 2. We rule that he may, and remand the case for trial.

Minn.St. 297.01, subd. 14, defines "subjobber" as follows:

"'Subjobber' means any person who buys stamped cigarettes and sells them to persons other than ultimate consumers, and any licensed distributor who delivers to and sells or distributes stamped cigarettes from a place of business other than that for which he has obtained his distributor's license."

Section 297.04, subd. 1, the section defendant is charged with violating, reads:

"From and after July 1, 1947, no person shall engage in the business of a distributor or subjobber at any place of business without first having received a license from the commissioner to engage in that business at that place of business."

Section 297.12, subd. 2, provides that violation of § 297.04, subd. 1, is a gross misdemeanor.

Defendant's basic argument is based on the statutory definition specifying that a "subjobber" is one "who *buys* stamped cigarettes and sells them to persons other than ultimate consumers." (Italics supplied.)

Defendant contends that unless the state can prove that he bought the cigarettes which he sold without a license to a retailer, then the prosecution cannot succeed.

The state's basic argument is that it is not prosecuting defendant for being a subjobber but for engaging in the business of a subjobber without a license. Stated differently, the state contends that the gist of the offense is selling the cigarettes to retailers without a license.

The definition of "subjobber" is in the statute basically to define the key elements of being a subjobber, so that those who do those things will know that they are subjobbers and will know which parts of the statute apply to them. The section of the statute under which defendant is being prosecuted is designed to make it clear that one violates the criminal law if he engages in the business of a subjobber without a license. We hold that a person without a license does not have to do everything that the usual subjobber does in order to violate the statute—all he has to do to violate the statute is sell cigarettes to a retailer without a license. Interestingly, although the revisor's headnotes do not have the force of law, the revisor used the phrase "Selling without license illegal" to summarize the meaning of § 297.04, subd. 1. We adopt the same common-sense interpretation and hold that the gist of the offense is selling the cigarettes to retailers without a license.

Remanded for trial.